```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD F. SPADARO,                  )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    Civil Action No. 05-572
                                    )
CDL MEDICAL TECHNOLOGIES, INC.,     )    Judge McVerry
                                    )    Magistrate Judge Hay
          Defendant.                )
```

REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is respectfully recommended that the motion to dismiss submitted on behalf of defendant (Docket No. 4) be denied.

II.  REPORT

Plaintiff, Donald F. Spadaro ("Spadaro"), commenced this action against defendant CDL Medical Technologies, Inc. ("CDL"), bringing a single claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., alleging that he suffers from chronic anxiety and depression and that by failing to respond to his numerous requests for leave defendant failed to provide him with reasonable accommodation so that he could perform his job. As well, plaintiff alleges that defendant discriminated against him by placing him under the direction of an inexperienced supervisor who had no knowledge of the job's "increasing stress levels" and who thought that plaintiff had

resigned when he had not, thereby unlawfully terminating his employment.

Defendant has now filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) arguing that the complaint is properly dismissed because plaintiff failed to file his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within the requisite time limit.

A Rule 12(b)(6) motion is properly granted if, having accepted all of the allegations pled in the complaint as true and viewing them in a light most favorable to the plaintiff, it appears that the plaintiff would still be unable to prevail. Maio v. Aetna, Inc., 221 F.3d 472, 481-82 (3d Cir. 2000). It is the defendant's burden to show that no claim has been stated. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991), cert. denied, 501 U.S. 1222 (1991).

Under a 12(b)(1) motion, however, the allegations in the complaint are to be accepted as true only if the moving party has presented a facial challenge to court's jurisdiction or one which is based on the legal sufficiency of the claim. Under these circumstances, "dismissal is proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous....'" Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d at 1408-09, quoting Bell v. Hood, 327 U.S. 678, 682 (1946). See

Gould Electronics Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

In contrast, where subject matter jurisdiction is challenged in fact, i.e., where the challenge is based on the sufficiency of jurisdictional fact, the Court is not required to attach any presumptive truthfulness to the allegations in the complaint but may consider matters outside the pleadings to satisfy itself that it has jurisdiction. Carpet Group International v. Oriental Rug Importers Association, Inc., 227 F.3d 62, 69 (3d Cir. 2000). Under these circumstances, the non-moving party bears the burden of establishing that subject matter exists. Id.

Although neither party has addressed these standards or the distinction between a motion to dismiss under Rule 12(b)(6) for failure to state a claim and motion to dismiss for lack of subject matter jurisdiction under 12(b)(1), the Court of Appeals for the Third Circuit has found that the threshold to withstand a Rule 12(b)(1) motion to dismiss is lower than that required to survive a motion filed pursuant to Rule 12(b)(6) motion and, consequently, there is no prejudice to the plaintiff in treating a 12(b)(1) motion as one predicated on Rule 12(b)(6). Maio v. Aetna, Inc., 221 F.3d at 481, citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d at 1409. As such, we need not decide

3

which standard, if any, is more appropriately applied here but have treated CDL's motion as one predicated on Rule 12(b)(6).[1]

It is well established that before a plaintiff may bring suit under the ADA, he or she is required to file a charge of discrimination with the EEOC within 180 days after the alleged unlawful employment practice took place.[2] In a "deferral state" such as Pennsylvania, in which a state or local agency has authority to pursue such claims, however, a plaintiff has 300 days from the date of the alleged unlawful employment practice in which to file a charge with the EEOC. Rogan v. Giant Eagle, Inc., 113 F. Supp. 2d 777, 783 (W.D. Pa. 2000), aff'd, 276 F.3d 579 (3d Cir. 2001). See 42 U.S.C. § 2000e-5(e)(1).

---

[1] We note here that in deciding a 12(b)(6) motion, in addition to the complaint itself and any exhibits attached thereto, the Court may consider any matters of public record and any undisputedly authentic documents attached to a motion to dismiss as long as plaintiff's claims are based on the documents. Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994). Here, the documents submitted by the parties revolve around plaintiff's allegation in the complaint that he filed a timely charge with the EEOC and, thus, are properly considered without converting the instant motion into one for summary judgment. See Rogan v. Giant Eagle, Inc., 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000).

[2] Although the ADA does not expressly require the filing of an EEOC charge, it does require a plaintiff to follow the administrative procedures set forth in Title VII. 42 U.S.C. § 12117. See McCray v. Corry Manufacturing Co., 61 F.3d 224, 228 (3d Cir. 1995). Under Title VII, a plaintiff is required to file a charge of discrimination with the EEOC prior to filing a lawsuit. 42 U.S.C. § 2000e-5.

Here, it appears undisputed that plaintiff was separated from his employment with defendant on March 23, 2003,[3] and that he was required to file a charge of discrimination within 300 days of that date, or by January 19, 2004. It also appears undisputed that January 19, 2004, was Martin Luther King Day, a federal holiday, and that the EEOC was closed thereby giving plaintiff until January 20th to file the charge. On that date, it appears that plaintiff's counsel sent to the EEOC a set of completed questionnaires both by mail and by facsimile. The mailed documents were not received by the EEOC until January 22, 2004, however, and, thus, were clearly untimely. At issue here then is whether the faxed copy of the intake questionnaires constitutes a proper filing.[4]

Having acknowledged that the law governing whether an intake questionnaire satisfies the minimum requirements for filing a charge of discrimination remains unsettled, defendant

___

[3] Complaint ¶ 9.

[4] Although plaintiff represented in the complaint that the charge of discrimination was filed on or about April 7, 2004, he now argues that April 7, 2004, was the date that the EEOC issued a charge against CDL and that the charge was actually filed on January 20, 2004. See Plaintiff's Reply to Motion to Dismiss ¶ 5 (Docket No. 8). While the Court recognizes that a complaint may not be amended in a plaintiff's response to a motion to dismiss, see Pennsylvania v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988), defendant has not challenged plaintiff's change of position in this manner but, rather, has replied arguing only that the January 20, 2004 submissions fail to satisfy the filing requirements. As such, and in the interest of moving the cases forward, the Court has addressed the issue regarding the January 20, 2004 fax which assuredly would have been raised in a renewed motion had plaintiff been given the opportunity to amend the complaint.

has not argued that the questionnaires submitted in this case are insufficient to constitute a charge.  See Baily v. United Airlines, 279 F.3d 194, 199 (3d Cir. 2002)(Finding that the plaintiff had waived the issue of whether the intake questionnaire submitted within the 300-day filing period constituted a proper charge but nevertheless noted that the questionnaire at issue was not sufficient to toll the statute of limitations); Rogan v. Giant Eagle, Inc., 113 F. Supp. 2d at 782-83 (Opining that "we are in agreement with those courts which have determined that a questionnaire may constitute official charges for statutory filing purposes.")  Nor does CDL question whether the questionnaires were, in fact, faxed to or received by the EEOC on January 20, 2004.  Rather, defendant argues that filing a charge of discrimination by facsimile or electronic mail is not provided for in the federal regulations and, thus, the faxed copy of plaintiff's purported charge does not satisfy the filing requirements.[5]

       Defendant has not cited to any cases to support its position that a fax is an unacceptable method of filing but relies solely on the regulation governing "Where to make a

---

[5]To the extent that defendant alludes to an argument that the fax was not timely because it was received at 4:32 p.m. which was after the EEOC office had apparently closed, the Court notes that neither the statute nor the regulations impose a time of day restriction on the filing period and that 4:32 p.m. on January 20th is still January 20th notwithstanding the EEOC's office hours.  See 42 U.S.C. § 2000e-5(e)(1); 29 C.F.R. § 1601.8.

charge," which provides that "[a] charge may be made in person or by mail at the offices of the Commission in Washington, D.C., or any of its field offices or with any designated representative of the Commission."  29 C.F.R. § 1601.8.  Defendant therefore concludes that the charge must be filed by mail or in person and that faxing the questionnaires as plaintiff has done does not vitiate his responsibility in this regard.

Plaintiff counters citing to a number of cases which, although they do not specifically address whether filing by fax satisfies regulation 1601.8, suggest that a facsimile can be an acceptable method of filing.  As well, plaintiff argues that any perceived defect in submitting a fax is merely technical in nature and may be cured under regulation 1601.12(b).

Plaintiff initially cites to Edelman v. Lynchburg College, 535 U.S. 106 (2002) ("Edelman"), in which the charge of discrimination in question was also submitted by facsimile. As such, plaintiff argues that it was therefore within the discretion of the Supreme Court to dismiss the case for failure to satisfy the filing requirements if it believed that filing a charge by fax was improper.  Because the Court did not so rule, but instead found that the unverified fax constituted a proper charge because it was verified by a subsequent submission which

related back to the fax, it can be inferred that a fax is an acceptable method of filing.[6]

As well, in <u>Climer v. W.C. Bradley Co.</u>, 198 F. Supp. 2d 1370 (M.D. Ga. 2002), the plaintiff alleged that she mailed and faxed an unverified questionnaire and a sworn affidavit to the EEOC setting forth her allegations of discrimination.  The EEOC records showed that it received the faxed transmission in a timely fashion but not the mailed originals.  <u>Id.</u> at 1372.  A formal charge was eventually received by the EEOC but not until after the filing period had expired.  <u>Id.</u> at 1373.  The Court nevertheless determined that the faxed documents constituted a valid charge since it contained the basic information that should be included in a charge under the regulations.  <u>Id.</u> at 1374.  Moreover, apparently cognizant of the fact that a faxed transmission was not an expressly authorized method of filing, the Court noted, albeit in a footnote, that it was "reluctant to find that facsimile transmission is an inadequate mode of transmission," and chose not to disregard the faxed charge even though it recognized that "a strong argument could be made to the contrary."  <u>Id.</u> at 1374 n.2.

---

[6] Although the Court in <u>Edelman</u> specifically declined to address the lower court's finding that the fax did not constitute a valid charge in the first instance, <u>id.</u> at 118-19, we note that the district court's conclusion was based on the fact that neither the plaintiff nor the EEOC treated it as a valid charge and not because the letter was sent by facsimile.  <u>Id.</u> at 110, 118-19.

Similarly, in Carver v. Walker Chevrolet-Oldsmobile Co., 969 F. Supp. 789 (S.D. Ga. 1997), the plaintiff's lawyer faxed a letter to the Local Director of the EEOC explaining that his client had attempted to file a charge for sexual harassment and age discrimination against her former employer the day before but was unable to do so because of a temporary shut down of certain government offices and asked that her charge be acknowledged as having been filed on that date. Counsel's letter was received by the EEOC within the requisite time frame but the plaintiff's subsequently filed "perfected charge" was not. Id. at 790. The defendant moved for summary judgment arguing that the plaintiff had failed to exhaust her administrative remedies because her official, signed administrative charge was untimely. The Court found, however, that the facsimile sent to the EEOC by the plaintiff's lawyer included sufficient information to satisfy the regulations and to trigger an investigation by the EEOC which the Court categorized as the "overarching purpose of filing an administrative charge." Id. at 792.

Although, as acknowledged by plaintiff, the specific issue of whether faxing a charge of discrimination to the EEOC is permissible under the regulations was not at issue in these cases, they nevertheless appear to lend some support for finding that a fax is a satisfactory method of filing since the charges found acceptable by these Courts were, in fact, faxed to the

9

EEOC. See also Leffman v. Sprint Corp., 2005 WL 361475 *2 (N.D. Ohio Feb. 15, 2005), citing E.E.O.C. v. Dillard Dept. Stores, Inc., 768 F. Supp. 1247 (W.D. Tenn. 1991)(Finding that unverified written statement faxed to the EEOC within the applicable 300-day period contained sufficient information to constitute a "charge.")

Plaintiff also contends that even if he failed to follow EEOC procedure by filing the charge by fax, it is merely a technical defect which does not vitiate its validity in the first instance and that under the regulations the charge subsequently received by the EEOC via mail relates back to the date the faxed charge was received thereby curing the defect.[7]

To support his position plaintiff again cites to Edelman in which, as already discussed, the plaintiff's formal verified charge was not submitted until after the 300 days had elapsed. The defendant moved to dismiss arguing that the plaintiff's failure to file a verified charge within the applicable filing period deprived the Court of subject matter

---

[7] The specific regulation upon which plaintiff relies provides that: "[A] charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." 29 C.F.R. § 1601.12(b).

10

jurisdiction.  The plaintiff countered arguing that the timely filed letter constituted a valid charge and that under regulation 1601.12(b) the subsequently filed verification related back to the letter.

The Supreme Court upheld the regulation as an "unassailable interpretation" of the statute finding that the time limitation imposed under the statute is to encourage a charging party to raise a claim before it gets stale and to promote a speedy end to any illegal practice.  The verification provision on the other hand protects employers from the expense and disruption of having to respond to a claim unless the claimant is serious enough to support it by oath subject to liability for perjury.  Id. at 112-13.  Because the latter is required only at such time as the employer is obligated to respond and not when the charge is filed, the Court concluded that permitting a subsequently filed verification to relate back to the otherwise timely filed charge is consistent with the statute.  Id.

Similarly, in Christaldi-Smith v. JDJ, Inc., 367 F. Supp. 2d 756 (E.D. Pa. 2005), the defendants moved to dismiss the complaint arguing that the plaintiff's EEOC charge filed on November 27, 2003, was submitted 303 days after the alleged discriminatory act and, thus, was untimely.  The Court denied the motion finding that the letter that the plaintiff had previously

11

sent to the EEOC on August 11, 2003, voicing the same complaints, was sufficient to constitute a charge. Id. at 760. Although the letter did not comply with the EEOC's verification requirements, the Court, relying on Edelman, found that the plaintiff's August 11, 2003, letter satisfied the verification requirement through the relation back of the affirmation in her November 27, 2003 filing. Id. at 761.

Here, it appears that the questionnaires faxed to the EEOC were not only timely but contain sufficient information to constitute a charge of discrimination. The fact that the method of filing is not contemplated by the regulations does not, in the Court's view, alter that fact or the fact that plaintiff raised his claim before it got stale thereby fulfilling the purpose of the statutory time restriction. Under these circumstances, it appears that the subsequent filing by mail, although untimely received, is properly viewed as relating back to the date the charge was first received thereby curing any defect. See also Thompson v. Federal reserve Bank of New York, 242 F. Supp. 2d 368, 371 (S.D.N.Y. 2003)(Finding that the timely filed questionnaire constituted a charge of discrimination and that, to the extent that there were defects in the form of the questionnaire, they were cured by the subsequently filed formal charge which related back to the date the questionnaire was filed.); Whelan v. Teledyne Metalworking Products, 2005 WL

2240078 *10 (W.D. Pa. Sept. 14, 2005)(Finding the timely filed General Information statement is sufficient to permit the EEOC to proceed thereby satisfying the EEOC's requirements and that even if it was not verified, under Edelman, the subsequent verification relates back and is sufficient to satisfy the 300 day filing period requirement.)

For these reasons, it is recommended that the motion to dismiss submitted on behalf of defendant (Docket No. 4) be denied.

Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                                 Respectfully submitted,

                                                 /s/   Amy Reynolds Hay
                                                 AMY REYNOLDS HAY
                                                 United States Magistrate Judge

Dated:   13 February, 2006.

cc:  Peter M. Suwak, Esquire
     P.O. Box 1
     Washington, PA 15301

     Kimberly J. Kisner, Esq.
     445 S. Braddock Avenue
     Pittsburgh, PA 15221